# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID JAMES WARD,** : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION NO. 1:10-1276** |
| v. : | |
| : | **(JONES, D.J.)** |
| J. KAMINSKI, Case Manager; : | **(MANNION, M.J.)** |
| F. PASSANITI, Unit Manager; and | |
| R. MARTINEZ, Warden, : | |
| **Defendants.** : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is defendants' motion to dismiss. (Doc. No. 21). For the reasons set forth below, the court recommends that the motion be **GRANTED**.

## I.     FACTS AND PROCEDURAL BACKGROUND

The plaintiff, David Ward, is presently confined at the United States Penitentiary at Allenwood in White Deer, Pennsylvania. (Doc. No. 1). On March 21, 2010, the plaintiff alleges that he signed an Inmate Financial Responsibility Program ("IFRP") contract in order to work in the Unicor

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

Factory. *Id.* at 2. On March 22, 2010, the plaintiff allegedly received a copy of that IFRP contract. *Id.* at 2-3. Upon reviewing the contract that he had signed, the plaintiff allegedly discovered that there were additional terms below his signature. *Id.* at 2-3. More specifically, plaintiff alleges that the newly added information sought to deduct money for fine payments that was in excess of the amount permitted to be deducted from Unicor employees under the Bureau of Prisons' Program Statement. *Id.* at 3. As such, the plaintiff alleges that he objected to the contract, and then terminated the contract. *Id.* In addition, he allegedly requested that a new contract be drawn up, namely one that complied with the permissible amount to be deducted from Unicor employees. *Id.*

However, plaintiff claims that defendant Kaminski refused to provide a new IFRP contract, and that he then fired him from his Unicor job. *Id.* Defendant Kaminski also placed the plaintiff in "Refusal" status. *Id.* Plaintiff further claims that defendant Unit Manager Passaniti, and defendant Warden Martinez, refused to take corrective action. *Id.*

On June 18, 2010, the plaintiff commenced this action by filing a *Bivens* complaint against defendants Kaminski, Passaniti and Martinez. (Doc. No. 1 at 3). The plaintiff seeks both monetary and injunctive relief. *Id.* On December

27, 2010, the defendants filed a motion to dismiss. (Doc. No. 21). The motion to dismiss is fully briefed. *See* (Doc. No. 24); (Doc. No. 25); (Doc. No. 26) & (Doc. No. 27). Thus, the motion is ripe for our review.

## II.   STANDARD OF REVIEW

Defendants' motion to dismiss is brought pursuant to the provisions of Federal Rules of Civil Procedure 12(b)(1) and/or (6). When defendants move to dismiss a complaint under Rule 12(b)(1) for failure to allege subject matter jurisdiction, the allegations of the complaint must be treated as true and the plaintiff afforded the favorable inferences to be drawn from the complaint. *N.E. Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001) (citing *Mortensen v. First Federal Savings & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977); Fed. R. Civ. P. 8(f)). On a motion to dismiss for lack of subject matter jurisdiction, it is the plaintiff who has the burden of persuading the court that it has jurisdiction. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In contrast, a motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. ANALYSIS

The defendants first argue that the court should dismiss the plaintiff's *Bivens* complaint because the plaintiff's claims are more appropriately raised in a §2241 habeas petition. In support of this contention, the defendants heavily rely on *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010). In *McGee*, the sole issue before the court was whether McGee could maintain his suit as a habeas action under 28 U.S.C. §2241, or whether he must re-file it as a civil rights action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See McGee*, 627 F.3d at 934. In McGee's habeas petition, he was essentially arguing that "the payment terms imposed by the Bureau (in the IFRP) are illegal in that they conflict with the terms imposed by the sentencing court (in the judgment)." *Id.* at 937. The Third Circuit held that because "[t]he IFRP payment schedule and the sanctions imposed for

noncompliance are part of the execution of McGee's sentence . . . the claim that they are illegal and invalid falls under the rubric of a §2241 habeas petition." *Id.* As such, the defendants argue that plaintiff's claims must be raised in a §2241 habeas petition.

The court disagrees. It appears to the court that the defendants have overlooked the fact that *McGee* does not hold that all IFRP related challenges *must* be raised via a §2241 habeas petition. Rather, McGee holds that such claims are appropriate and cognizable in a §2241 habeas petition. Accordingly, the Third Circuit has previously noted that challenges to the IFRP collections mechanism may be more appropriately brought as a civil rights action against prison officials challenging the conditions of his confinement. *See United States v. Wynn*, 328 Fed. Appx. 826, 829 n.3 (3d Cir. 2009). In addition, other courts within the Middle District of Pennsylvania have held that challenges to IFRP refusal status are not properly asserted in a habeas petition. *See Jennings v. Bureau of Prisons*, No. 09-0665, 2009 U.S. Dist. LEXIS 36248, at *4-5 (M.D. Pa. April 30, 2009) (Conaboy, J.); *Bartley v. Smith*, No. 05-1742, 2005 U.S. Dist. LEXIS 44642, at *5 (M.D. Pa. Sept. 1, 2005) (Jones, J.) (citing *David v. United States*, No. 99-0836, slip op. at 5 (M.D. Pa. June 17, 1999) (challenge to IFRP refusal status not properly

5

asserted in habeas petition)).

Moreover, the court finds that plaintiff's claims are distinguishable from the claims raised by the petitioner in *McGee.* Unlike McGee, the plaintiff in this case does not raise any challenge to his sentence. Specifically, the plaintiff does not claim that the payment terms imposed by the defendants conflicted with the terms imposed by the sentencing court. Rather, he only claims that the IFRP contract was modified without his consent, and that the newly added payment terms were not in accordance with the BOP's Program Statement. As such, the court finds that plaintiff's claims do not need to be raised in a §2241 habeas petition. *See id.* Consequently, the court cannot recommend that the plaintiff's complaint be dismissed because his claims should have been pursued in a §2241 habeas petition.

In the alternative, the defendants argue that the plaintiff's complaint should be dismissed because a breach of contract action provides no basis for a *Bivens* action. The court agrees. In plaintiff's brief in opposition, he clarifies that his *Bivens* action is intended to be solely based on the defendants' breach of contract, namely when the IFRP contract was modified after he signed it. However, a simple breach of contract does not rise to the level of a constitutional violation, and, as such, a breach of contract action

provides no basis for a *Bivens* action. *See Silva v. Bureau of Prisons*, No. 04-0452, 2004 U.S. Dist. LEXIS 12810, at *10-11 (N.D. Tex. July 12, 2004) ("A breach of contract action provides no basis for a *Bivens* action. Such a claim simply alleges no deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. . . Plaintiff's [IFRP] breach-of-contract claim fails to state a claim upon which relief can be granted.). Therefore, the court recommends that the defendant's motion to dismiss the plaintiff's complaint be granted.[2]

## IV. RECOMMENDATION[3]

For the reasons elaborated above, **IT IS RECOMMENDED THAT** the defendants' motion to dismiss, (Doc. No. 21), be **GRANTED.**

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** August 19, 2011
O:\shared\REPORTS\2010 Reports\10-1276-01.wpd

---

[2] As such, the court need not address the parties' remaining arguments.

[3] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.