IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JAMES WARD, | : | |
| | : | 1:10-cv-1276 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| WARDEN JERRY C. MARTINEZ, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### September 28, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 33), filed on August 19, 2011, which recommends that we grant the Motion to Dismiss (Doc. 21) of Defendants J. Kaminski, F. Passaniti, and Warden Martinez.  Plaintiff filed objections to the R&R (Doc. 34) on August 31, 2011.  Defendants filed a response to the objections (Doc. 35) on September 14, 2011 and on September 27, 2011, Plaintiff filed a reply.  (Doc. 37).  Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt in part and reject in part the Magistrate Judge's R&R, deny the Motion to Dismiss (Doc. 21) and remand this matter to Magistrate Judge Mannion for further pre-trial management.

I.     PROCEDURAL/FACTUAL BACKGROUND

*Pro se* Plaintiff David James Ward ("Plaintiff" or "Ward"), formerly an inmate at the United States Penitentiary at Allenwood[1] filed the instant civil rights action on June 18, 2010 pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Ward claims that, on March 21, 2010, he signed an Inmate Financial Responsibility Program ("IFRP") contract in order to work in the Unicor Factory. Plaintiff alleges that he received a copy of the signed contract the next day, and upon reviewing the same, he realized that there were additional terms below his signature line. He claims that these additional terms sought to deduct money from his prison account for fine payments in an amount exceeding the total amount permitted to be deducted from Unicor employees under the Bureau of Prisons ("BOP") Program Statement. Plaintiff alleges that he then terminated the contract and requested a new contract be drafted that complied with the BOP's Program Statement regarding the permissible amount to be deducted from his prison account.

Plaintiff claims that Defendant Kaminski, his case manager, refused to provide him with a new IFRP contract, fired him from his Unicor job, and placed

---

[1] Ward has since been transferred to the United States Penitentiary at Tuscon.

Plaintiff in "refusal" status. Ward claims that Unit Manager Passaniti and Warden Martinez refused to take any corrective action.

As noted above, Plaintiff commenced this action on June 18, 2010 against Defendants Kaminski, Passaniti and Martinez, seeking to be reinstated to his Unicor job. Ward also seeks to be compensated for loss wages and that his name be taken out of "refusal" status.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *Anderson*, 477 U.S. at 247-48.

## III. DISCUSSION

Magistrate Judge Mannion recommends that the Defendants' Motion to Dismiss be denied in part and granted in part.  Specifically, Magistrate Judge Mannion rejects the Defendants' argument that this *Bivens* action must be dismissed because Plaintiff can only assert this type of claim via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  We agree with the Magistrate Judge that the holding of *McGee v. Martinez*, 627 F. 3d 933 (3d Cir. 2010) does not *require* claims of the type Ward asserts to be brought in a § 2241 petition, but only holds that these claims *may* be brought in such a petition.  Thus, we shall adopt the Magistrate Judge's recommendation to deny this portion of the Defendants' Motion.

However, we disagree with the Magistrate Judge's recommendation that this action be dismissed because Plaintiff is merely asserting a breach of contract action, which is not cognizable in a *Bivens* suit.  As Plaintiff has noted, although somewhat inarticulately, within his submissions on the Motion to Dismiss and within his objections, he is asserting a denial of equal protection and due process with respect to the terms set forth in his IFRP contract.  In particular, Plaintiff asserts that he was given a contract that violated the BOP's Program Statement and when he requested a contract that complied with the BOP's Program Statement, he was denied such a contract, fired from his job at Unicor and placed in "refusal" status.  Thus, we find that Plaintiff is not just claiming a breach of contract, he is actually claiming

constitutional due process and equal protection violations. Accordingly, we shall reject the Magistrate Judge's recommendation to grant the Motion on the basis that Plaintiff only asserts an incognizable breach of contract claim.

## IV. CONCLUSION

Accordingly, based on all of the foregoing, the Magistrate Judge's R&R shall be adopted in part and rejected in part. The Defendants' Motion to Dismiss shall be denied. This matter shall be remanded to Magistrate Judge Mannion for further pre-trial management.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of Magistrate Judge Mannion (Doc. 33) is **ADOPTED** in part and **REJECTED** in part to the extent reflected hereinabove.

2. The Defendants' Motion to Dismiss (Doc. 21) is **DENIED**.

3. This matter is **REMANDED** to Magistrate Judge Mannion for further pre-trial management.

s/ John E. Jones III
John E. Jones III
United States District Judge