IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JAMES WARD, | : | 1:10-cv-1276 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| J. KAMINSKI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### March 5, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 83), filed on February 13, 2013, which recommends that the Defendants' Motion to Dismiss or for Summary Judgment (Doc. 52) be granted and that this case be dismissed with prejudice. *Pro se* Plaintiff David James Ward ("Plaintiff" or "Ward") filed objections to the R&R on March 1, 2013. (Doc. 86). Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety, grant the Defendants' Motion to Dismiss or for Summary Judgment and dismiss this case with prejudice.

**I.  STANDARD OF REVIEW**

1

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND

This is a *Bivens*[1] civil rights action brought by Plaintiff, an inmate in the custody of the Federal Bureau of Prisons, formerly incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood"), in White Deer, Pennsylvania. After he pleaded guilty to kidnaping in 1997, Ward was sentenced to a 720 month term of imprisonment, was assessed a $50 fee and ordered to pay a $5,000 fine. In order to ensure that inmates are working towards meeting

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

outstanding restitution obligations and other financial commitments, the BOP has developed the Inmate Financial Responsibility Program ("IFRP"), which requires inmates to put a percentage of income earned from prison employments towards their financial obligations. Those inmates who refuse to participate in the IFRP are designated as "refusers" and are restricted from obtaining certain types of employment within the prison. This action arises out of Ward's interaction with USP-Allenwood staff concerning the IFRP, and the institution's resulting designation of Ward as a refuser.[2] Named as Defendants are Jonathan Kaminski, Ward's case manager; Frank J. Passaniti, Ward's unit manager; and Ricardo Martinez, the warden of USP-Allenwood.

Magistrate Judge Carlson makes the following recommendations within his report:

1)  All claims against the Defendants in their official capacities be dismissed because the Defendants enjoy sovereign immunity from official capacity claims;

---

[2] Magistrate Judge Carlson undertook a thorough and careful review of the facts of this matter at pages 1 to 17 of the instant R&R, thus we shall not endeavor to recite the same herein. In brief, Ward contends that USP-Allenwood's IFRP Plan (Supplement ALX-5380.08D), which requires inmates to pay a minimum of $25.00 from their trust fund account in the event their monthly pay from their UNICOR job is less than $50.00, is unlawful because it is placed below the signature line on the IFRP agreement. (Doc. 86, p. 4).

2) All claims against Defendants Passaniti and Martinez be dismissed because the complaint fails to allege actionable personal involvement by either;

3) The action be dismissed because Ward failed to exhaust his available administrative remedies;

4) Ward's due process and equal protection claims be dismissed as meritless; and

5) Alternatively, even if Ward had adequately pled claims against the Defendants for due process or equal protection violations, that they be afforded qualified immunity.

As noted above, Ward filed objections to the R&R on March 1, 2013. Ward does not dispute the Magistrate Judge's recommendation that the official capacity claims be dismissed, however he does contend that all three Defendants were "aware" of Plaintiff's main allegation - that the IFRP was "illegal" because Supplement ALX-5380.08D was located below, and not above the signature line on the document. Moreover, Ward maintains that Supplement ALX-5380.08D is "illegal" because it does not comport with the BOP's national policy and program statements. Further, while Plaintiff does not exactly contend that he exhausted his administrative remedies, he does indicate that he "attempted" to formally and

informally resolve his concerns over the IFRP and Supplement ALX-5380.08D with administrative grievances. We have reviewed Ward's objections, and despite his evident commitment to his position that USP-Allenwood's IFRP and Supplement ALX-5380.08D are "illegal," we disagree. For the reasons that follow, we shall adopt the Magistrate Judge's recommendations.

## III. DISCUSSION

As a threshold matter, we shall adopt Magistrate Judge's recommendation that any official capacity claims against the Defendants be dismissed. It is well-established that a suit against a federal employee in his official capacity is a suit against the United States, and that *Bivens* suits against the United States are barred by the doctrine of sovereign immunity, absent an explicit waiver. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). No such waiver exists here, and thus Plaintiff cannot maintain *Bivens* claims against the individual Defendants in their official capacities.

Next, we agree with the Magistrate Judge's conclusion Ward has not alleged sufficient personal involvement of either Defendants Passaniti or Ramirez to state a *Bivens* claim against either. It is clear that to state a constitutional tort claim, the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution. *See Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902

(3d Cir. 1997). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. *See Robinson v. City of Pittsburgh*, 120 F. 3d 1286 (3d Cir. 1997). Ward claims that Warden Martinez was aware of his grievances concerning the IFRP and of the fact that the IFRP and Supplement ALX-5380.08D were unlawful and that Unit Manager Passaniti rejected Ward's inmate request as unacceptable. However, mere awareness of Ward's circumstances is insufficient to set forth a claim against supervisory officials like Martinez or Passaniti. *See Rode v. Dellarciprete*, 845 F. 2d 1195, 1207 (3d Cir. 1988)(personal involvement must be alleged and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them). Neither of these Defendants are alleged to have directed or participated in the alleged unlawful actions in this case, and accordingly the claims against them fail as a matter of law.

We further agree with the Magistrate Judge that Ward has failed to exhaust his administrative remedies, which requires dismissal of this lawsuit. Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983] . . ., or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Federal courts have consistently determined that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See, e.g., Booth v. Churner*, 206 F. 3d 289 (3d Cir. 2000); *Bolla v. Strickland*, 304 Fed. Appx. 22 (3d Cir. 2008); *Jetter v. Beard*, 183 Fed. Appx. 178 (3d Cir. 2006). Inmate litigants may only avoid exhaustion requirements in the rare, limited circumstance where actions of prison officials directly caused the inmate's procedural default or grievance. *See Camp v. Brennan*, 219 F. 3d 279 (3d Cir. 2000). Here, Ward filed a series of procedurally defective grievances, all of which were rejected by prison officials and Ward was advised regarding the need to limit his grievances to a single issue per grievance. Ward eventually complied with this directive on June 9, 2010, when he filed administrative remedy 593322-F1, however failed to administratively appeal the denial of this grievance prior to filing the instant lawsuit. This failure operates as a bar to his efforts to bring his claims in this Court.

Finally, we agree with the Magistrate Judge that Plaintiff's due process and equal protection claims are, in any event, meritless. However, because we have

found that this case is barred by Plaintiff's failure to exhaust his administrative remedies, we need not review the Magistrate Judge's finding in this regard.

## IV. CONCLUSION

Accordingly, based on the foregoing analysis, we shall adopt the Magistrate Judge's R&R in its entirety. An appropriate Order shall issue.